UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHNNY RAY CHANDLER, )
)
          Plaintiff, )
)
v. ) Civil Action No. 17-0011 (BAH)
)
FEDERAL BUREAU OF PRISONS, *et al.*, )
)
          Defendants. )

**MEMORANDUM OPINION**

This matter is before the Court on Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment, ECF No. 6. For the reasons discussed below, the Court will grant the motion.

**I. BACKGROUND**

From March 2, 2015 to September 7, 2016, the plaintiff was in the custody of the Federal Bureau of Prisons ("BOP") and incarcerated at the Administrative Maximum United States Penitentiary in Florence, Colorado ("ADX Florence"). Mem. in Support of Defs.' Mot. to Dismiss or, Alternatively, for Summ. J. ("Defs.' Mem."), Decl. of Patrick Kissell ("Kissell Decl.") ¶ 2. He since has been transferred to the United States Medical Center for Federal Prisoners in Springfield, Missouri. Kissell Decl. ¶ 2.[1]

On August 3, 2016, the plaintiff sent a "cop-out," an Inmate Request to Staff, to a female staff member, Angel Espinoza-Levi:

---

[1] The plaintiff's motions to amend his complaint, ECF No. 8-9, are denied. The events giving rise to the plaintiff's claims occurred at ADX Florence. If the plaintiff intends to pursue claims against staff members at MCFP Springfield, or against any other federal government official or employee, he may do so by filing a separate civil action.

1

> Pursuant to my Institutional Files and my Case Man[ager,] I have an up-coming M.R.D. (Mandatory Release Date) in May of 2017. I think that you are a very interesting and appealing young person. For the sole purpose of getting better acquainted and establishing a line of purely platonic communication, I respectfully request that you and I exchange E-Mail addresses.

Compl., ECF No. 1-1, Ex. A. Ms. Espinoza-Levi allegedly responded by "falsely accus[ing] the plaintiff] of harassment, stalking and taunting," Compl. at 2, presumably by filing an incident report charging the plaintiff with a disciplinary violation, *see id*. at 1-2. After all, the plaintiff remarked, a cop-out may be used to make "any type of request" to staff. *Id*. at 2. "All [he] did was follow policy, liberally." *Id*.

The BOP's Administrative Remedy Program is the means by which inmates may "seek formal review of any aspect of their confinement." Kissell Decl. ¶ 4 (citing 28 C.F.R. § 542.10). It "is typically a four-tiered review process comprised of an informal resolution process and then formal requests to the Warden, the Regional Director, and the Office of the General Counsel." *Id*.; *see* 28 C.F.R. §§ 542.15, 542.18. The "process is not complete until the Office of General Counsel replies, on the merits, to the inmate's [request]." *Id*. ¶ 5 (citing 28 C.F.R. § 542.18).

The BOP's declarant states that, of the 24 formal administrative remedy requests or appeals submitted by the plaintiff between August 3, 2016 and February 1, 2017, *id*. ¶ 7, only one advanced to the Office of General Counsel, *id*. ¶ 8. "This request is an appeal of a remedy request dated June 25, 2016 that precedes" the events set forth in the plaintiff's complaint. *Id*. None of the plaintiff's other requests for this time period "relate[s] to the claims in this litigation alleged to have occurred in August 2016." *Id*. ¶ 9. The declarant's review of "the BOP's Administrative Tort Claims database [reveals that the p]laintiff did not submit any administrative tort claims with the BOP related to the claims alleged in this litigation." *Id*. ¶ 11.

On September 8, 2016, the plaintiff filed a civil action in the Superior Court of the District of Columbia against the BOP and Ms. Espinoza-Levi "[f]or the torts of: (1) False Accusation and (2) Abuse of Process." Compl. at 1. He demanded judgment in his favor and monetary damages of $100,000. *Id*. The defendants removed the action on January 4, 2017. *See* Notice of Removal, ECF No. 1. Accompanying their notice was a statement certifying that "Defendant Angel Espinoza-Levi was an employee of the Government and was acting within the scope of her employment for the [BOP] at the time of the allegations stated in Plaintiff's Complaint." Certification, ECF No. 1-2. The defendants filed their motion to dismiss or for summary judgment on February 17, 2017, and the plaintiff filed his opposition, *see* Plaintiff's Rebuttal to the Defendants' Motion for Summary Judgment and supporting memorandum (collectively "Pl.'s Opp'n"), ECF No. 10, on April 7, 2017.[2]

## II. DISCUSSION

The defendants move to dismiss on two grounds: that the plaintiff failed to exhaust his administrative remedies before filing this action, and that venue in this district is improper. *See generally* Defs.' Mem. at 4-8.

   A. Exhaustion of Administrative Remedies

   1. Federal Tort Claims Act

Based on the certification that Ms. Espinoza-Levi was acting within the scope of her federal employment, the Court treats the plaintiff's claims as if he had brought them under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. § 2679(b)(1), (d)(1), against the United States directly. The United States is immune from suit unless Congress expressly has waived its defense of sovereign immunity by statute. *See United States v. Mitchell*, 463 U.S. 206, 212

---

[2] The plaintiff's opposition is timely filed, and the Court will deny Plaintiff's Motion for Abeyance, ECF No. 11.

(1983). The FTCA operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims. *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962). Limitations under and exceptions to the FTCA doom the plaintiff's claim. Relevant to this case is the exhaustion requirement:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing* and sent by certified or registered mail. The failure of an agency to make final disposition of a claim *within six months after it is filed* shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," and a claimant's "fail[ure] to heed that clear statutory command" warrants dismissal of his claim. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, the defendants demonstrate, and the plaintiff does not dispute, that the plaintiff did not file an administrative tort claim with the BOP. *See* Kissell Decl. ¶ 11.

   2. Prison Litigation Reform Act

The plaintiff faces a different set of exhaustion requirements if the Court were "to conclude instead that [the plaintiff's] claims should be governed by the administrative processes required under the Prison Litigation Reform Act ('PLRA')." Defs.' Mem. at 6.

In relevant part, the Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is mandatory and "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002); *see Jones v. Bock*, 549 U.S. 199, 211 (2007). Exhaustion under the PLRA requires proper exhaustion, meaning that a prisoner must comply with procedural rules, including filing deadlines, as a precondition to filing a civil suit in federal court, regardless of the relief offered through the administrative process. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Thus, a prisoner may file a civil action concerning conditions of confinement under federal law only after he has exhausted the prison's administrative remedies. *See Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001). Exhaustion under the PLRA is an affirmative defense, *Jones*, 549 U.S. at 216, which "the defendants have the burden of pleading and proving." *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005) (quoting *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (internal quotation marks omitted)).

The defendants demonstrate that, of the 24 formal administrative remedy requests or appeals submitted by the plaintiff between August 3, 2016 and February 1, 2017, none pertained to the August 3, 2016 incident. *See* Kissell Decl. ¶¶ 7-9. The plaintiff states that he "was in the process of preparing his Informal Complaint to be filed[] when the [BOP] . . . transferred [him] to Springfield" on September 7, 2016. Pl.'s Opp'n at 2-3 (page numbers designated by ECF). He suggests that the BOP is to blame for his failure to begin the administrative remedy process, yet he managed to file a lawsuit in the Superior Court within this same time frame. Regulations call for the submission of a formal written administrative remedy request to the Warden within 20 calendar days of the underlying incident, *see* 28 C.F.R. § 542.14(a), and the plaintiff does not show that he was prevented from filing a request or that there was a valid reason for delay.

5

The Court concludes that the plaintiff did not exhaust his administrative remedies under the FTCA and the PLRA because he failed to submit the appropriate requests to the BOP.

B. Venue

The defendants also move to dismiss on the ground that venue in this district is improper. *See* Defs.' Mem. at 8-9. The plaintiff asks the Court to transfer this matter to the proper federal district. *See* Pl.'s Opp'n at 5. This plaintiff has a long history of vexatious litigation. *See Ibrahim v. District of Columbia*, 208 F.3d 1032, 1037 (D.C. Cir. 2000) (requiring Chandler to "pay the full fare" to bring his appeal before the D.C. Circuit because he had been barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g)); *Chandler v. James*, 783 F. Supp. 2d 33, 36 (D.D.C. 2011) ("Mr. Chandler's legal complaints have been so numerous and so lacking in merit that he is now barred, except in extraordinary circumstances, from filing new lawsuits while in prison without first paying the full amount of any administrative filing fee."). So troublesome is this plaintiff that transfer of this action would not be in the interest of justice. *See Chandler v. Fed. Bureau of Prisons*, No. 16-CV-2091, 2017 WL 1377902, at *3 (D.D.C. Apr. 17, 2017); *Mitchell v. Holliday*, 202 F. Supp. 3d 116, 120 (D.D.C. 2016).

### III. CONCLUSION

The Court concludes that the plaintiff failed to exhaust his administrative remedies before filing this civil action, and, therefore, the Court will grant the defendants' motion. An Order consistent with this Memorandum Opinion is issued contemporaneously.

DATE: June 27, 2017

/s/ *Beryl A. Howell*

BERYL A. HOWELL
Chief Judge